**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CLARENCE TAYLOR,           ) | |
|            Plaintiff,           ) | |
| v.                         ) | No. 4:20-cv-1300-NAB |
| POTOSI CORRECTIONAL CENTER,) | |
|            Defendant.          ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of a complaint filed by plaintiff Clarence Taylor, an inmate at the Potosi Correctional Center. For the reasons discussed below, the Court will give plaintiff thirty days to pay the remainder of the $400 civil filing fee, and to file an amended complaint. The Court will also deny without prejudice plaintiff's motion for injunctive relief.

### Civil Filing Fee

Plaintiff initiated this civil action on September 22, 2020. On October 2, 2020 he filed a notice indicating an intent to pay the civil filing fee for this matter, (ECF No. 3), and on October 23, 2020, he submitted $350 to the Court. However, the civil filing fee in effect at the time plaintiff initiated this action was $400. In consideration of plaintiff's *pro se* status, the Court will give him the opportunity to submit the $50 remaining balance of the full civil filing fee.

### Legal Standard on Initial Review

This Court is required to dismiss the instant complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2), 1915A. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it fails

to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff initiated this action by submitting a document titled "Re: injunction." (ECF No. 1). In the document, plaintiff can be understood to attempt to bring a civil action against the Potosi Correctional Center (also "PCC") on behalf of himself and other inmates. The Court

2

liberally construes the document as a complaint filed pursuant to 42 U.S.C. § 1983 against the PCC.

In the complaint, plaintiff alleges that he and other inmates are in danger due to the lack of duress alarm buttons in their cells. Included with the complaint are statements of plaintiff and others describing how the absence of duress alarm buttons has affected them. After filing the complaint, plaintiff filed a supplement consisting of correspondence and other materials concerning the lack of duress alarm buttons. As in the complaint, these documents appear to assert claims on behalf of plaintiff and others. Subsequently, plaintiff filed a motion titled "Plaintiff's Motion for Temporary Injunction" in which he asks the Court to issue an injunction to "ensure the placement of duress buttons in housing unit one (1) and until it is done the use of housing unit one (1) be terminated." (ECF No. 8 at 1, 3).

## Discussion

The complaint is subject to dismissal. First, the PCC is not a "person" subject to suit under 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Additionally, plaintiff lacks standing to bring claims on behalf of other inmates. Generally, to satisfy the standing requirement, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). *See also Delorme v. U.S.*, 354 F.3d 810, 815 (8th Cir. 2004) (standing is a jurisdictional requirement that can be raised by the court *sua sponte* at any time during litigation). Moreover, while federal law authorizes *pro se* parties to plead and conduct their own cases personally, 28 U.S.C. § 1654, non-attorney *pro se* litigants may not represent others in federal court. *See Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (a person who is not licensed to practice law may not represent another individual in federal court).

The Court will not dismiss this action at this time, and will instead give plaintiff the opportunity to file an amended complaint. The amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, plaintiff should write the name of the defendant he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must also specify the capacity in which he intends to sue the defendant. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts,* 909 F.2d 1203,

1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff must avoid attempting to amend a complaint by filing separate documents containing changes he wishes to make to certain parts. Instead, plaintiff is required to file a single comprehensive pleading that sets forth his claims for relief. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amended complaint was not submitted with the motion). If plaintiff files separate or supplemental documents in an attempt to change the original or any amended complaint, the Court will not consider them.

The Court now addresses plaintiff's motion for injunctive relief. (ECF No. 8). Plaintiff did not frame the motion under the Federal Rules of Civil Procedure, but it is the functional equivalent of a motion under Rule 65(b)(1), which governs issuing a temporary restraining order without notice to the adverse party or his attorney. Under Rule 65(b)(1), this Court may issue a temporary restraining order "only if…specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Here, plaintiff has yet to file a complaint that survives initial review pursuant to 28 U.S.C. § 1915(e)(2) or 28 U.S.C. § 1915A. It therefore cannot be said that specific facts in a verified complaint clearly show he will

suffer immediate and irreparable injury, loss or damage before the adverse party may be heard in opposition. The instant motion will therefore be denied, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall have thirty days from the date of this order to pay the remaining civil filing fee balance of $50. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for the balance of the civil filing fee for this proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's form Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that, within thirty days of the date of this order, plaintiff shall file an amended complaint on the Court-provided form, in accordance with the instructions in this order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Temporary Injunction (ECF No. 8) is **DENIED** without prejudice.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

/s/ Nannette A. Baker

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 2nd day of February, 2021.

6